# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Carolyn Neal,
    Plaintiff

vs

Michael J. Astrue,
Commissioner of Social Security,
    Defendant

Case No. 1:08-cv-512-MRB-TSH
(Barrett, J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Amended Motion for Fees and Costs under the Equal Access to Justice Act, (EAJA), 28 U.S.C. § 2412(d) (Doc. 18), and the parties' Joint Motion to Award Attorney Fees. (Doc. 16). For the reasons set for the below, the Court recommends that the motion be GRANTED.

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was

not substantially justified; and (3) that no special circumstances make the award unjust.

Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees to a "prevailing party," other than the United States. 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that the plaintiff became the "prevailing party" when she obtained a remand pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993)(social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

Substantial Justification

Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989)(per curiam). It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v. Heckler*, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). By filing a joint motion for EAJA fees, the Government concedes that its position was not substantially justified so as to preclude an award.

Special Circumstances

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, plaintiff is entitled to an award of fees under the EAJA.

Calculation of Fee Award

2

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

In *Bryant v. Commissioner of Social Security*, 578 F.3d 443(6th Cir. 2009), the Court made clear that the burden of demonstrating justification for an increase to the statutory hourly rate rests with the plaintiff. Plaintiff has submitted an affidavit of counsel setting forth counsel's customary hourly rate and additional information regarding the mean and median hourly rates charged by counsel in both the Cincinnati area and Southwestern Ohio. The Court finds this information to amply demonstrate that the hourly rate of $149.00 per hour sought by counsel for plaintiff is reasonable and warranted given the cost of living increases and increases to counsel's hourly rate since the EAJA maximum hourly rate was instituted. In addition, the Court notes that defendant does not object to either the hourly rate or the hours expended by counsel for plaintiff in this matter. Application of counsel's hourly rate of $149.00 rates to the 20.5 hours of compensable time yields an attorney fee of $3054.50 Plaintiff seeks an award of $3035.00 in this matter. Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's amended motion for fees be granted and the Court award plaintiff fees in the amount of $3035.00 under the EAJA.

Timothy S. Hogan
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carolyn Neal,
    Plaintiff

vs

Michael J. Astrue,
Commissioner of Social Security,
    Defendant

Case No. 1:08-cv-512-MRB-TSH
(Barrett, J.; Hogan, M. J.)

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 12-17-09 . Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (14) days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).