# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Carolyn Neal,
     Plaintiff,                       Civil Action No. 1:08-cv-512-MRB-TSH
vs.                                (Barrett, J.; Hogan, M.J.)

Commissioner of Social
Security,
     Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. §406(b)(1)(A). (Doc. 21). The Government has indicated that it does not object to plaintiff's motion. (Doc. 22). Also before the Court is an affidavit of counsel filed in support of plaintiff's amended motion for attorney fees under the EAJA which sets forth counsel's usual hourly. (*See* Doc. 18).

Plaintiff is seeking an award of attorney fees in the amount of $7173.25 for work done before this Court as provided for under the Act. *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*). Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein*, 35 F.3d at 262 (court may award fees only

for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under section 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Id.* at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* The Court should also consider factors such as the character of the representation and the results achieved. *Id.* at 808. *See also Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989)(en banc). The Court should consider whether deductions are appropriate for improper conduct or ineffectiveness of counsel, and where counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez,* 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court. *Gisbrecht,* 535 U.S. at 808.

In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Secretary of Health & Human Servs.,* 923 F.2d 418, 422 (6th Cir. 1990), quoting *Rodriquez,* 865 F.2d at 746, the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes,* 923 F.2d at 422. As the Sixth Circuit explained:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of the fee.

*Hayes,* 923 F.2d at 422.

In the instant case, the District Judge adopted the Report and Recommendation

2

of the undersigned Magistrate Judge that this case be reversed and remanded for further proceedings. (Docs. 10, 11). Upon remand, plaintiff was awarded benefits. (Doc. 21, p. 7). Counsel and plaintiff executed a contingency fee agreement for 25 percent of past due benefits. (Id., p. 6). In support of the request, counsel states that there were 19.0 hours of attorney time expended on this case before the District Court. (Id., p. 5). Counsel represents that he regularly charges $350.00 per hour. If two times that rate were applied to the hours expended before the Court in the instant case, counsel would be entitled to a fee of $13300.00 A hypothetical hourly rate that is less than twice the standard rate is per se reasonable. *Hayes*, 923 F.2d at 422. Given that counsel seeks a fee which is significantly less than the floor amount calculated at twice counsel's hourly rate, the Court concludes that the award of fees sought is reasonable and does not constitute a windfall. *Gisbrecht*,535 U.S. at 807.

For the foregoing reasons, the Court RECOMMENDS that counsel's motion for attorney's fees be GRANTED.[1]

Timothy S. Hogan
United States Magistrate Judge

---

[1]    The District Court  awarded plaintiff attorney fees under the EAJA pursuant to this Court's December 17, 2009 Report and Recommendation. (See Docs. 19, 20). Under the Act, fees may be awarded under both the EAJA and 42 U.S.C. §406(b)(1)(A). *See Jankovich v. Secretary*, 868 F.2d 867 & n.1 (6th Cir. 1989).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Carolyn Neal,

      Plaintiff,

vs.

Commissioner of Social
Security,

      Defendant.

Civil Action No. 1:08-cv-512-MRB-TSH

(Barrett, J.; Hogan, M.J.)

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/12/2010. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).